IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| MICHAEL SHELTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:06cv141 (JCC) |
| ) | |
| LOCKHEED MARTIN OPERATIONS ) | |
| SUPPORT, INC., and LOCKHEED ) | |
| MARTIN SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants' motion for attorney's fees.  Finding no merit to Defendants' arguments, this Court will deny the motion.

### **I. Background**

On February 8, 2006, Plaintiff Michael Shelton filed an Amended Complaint in this Court alleging two counts of discrimination (Counts I and II) and two counts of retaliation (Counts III and IV) in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act.  Defendants Lockheed Martin Operations Support, Inc. and Lockheed Martin Services, Inc. moved for summary judgment on all counts, and Plaintiff opposed this motion only as to Counts III and IV, the retaliation claims. On November 17, 2006, this Court granted summary judgment on all

-1-

counts, and Defendants have now moved this Court to award attorney's fees incurred in the defense of Counts I and II.

## II. Standard of Review

Under 42 U.S.C. 2000e-5(k), this Court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs.  42 U.S.C. 2000e-5 (2006). A plaintiff "should not be assessed his opponent's attorney's fees unless a court finds that his claims was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."  *Christianburg Garment v. Equal Employment Opportunity Commission*, 434 U.S. 412, 421 (1978).

## III. Analysis

Defendants request this Court to award attorney's fees based upon Plaintiff counsel's failure to dismiss Counts I and II in the span of twenty-one days, from the close of discovery on October 6, 2006 to the filing of Defendants' motion for summary judgment on October 27, 2006.  By failing to dismiss these counts, Defendant argues that Plaintiff "continued to litigate" this case in violation of the Supreme Court's guidance announced *Christianburg Garment v. EEOC,* and thus warrants an award of attorney's fees.  *Christianburg,* 434 U.S. 421.  This argument is without merit.

First, with discovery ending on October 6, it cannot be concluded that the Counts I and II became clearly unreasonable and frivolous to Plaintiff's counsel only three weeks later by October 27, 2006.  Considering the caseload of some attorneys, three weeks falls far short of unreasonable amount of time to review depositions, affidavits, and other relevant evidence, much less come to a conclusion that such a claim is frivolous and unreasonable.

Second, during these twenty-one days, Plaintiff did not "continue to litigate" these counts as Defendants claim.  After the close of discovery, Plaintiff never made any submissions, contentions, proffers, or motions supporting Counts I and II to the Court or opposing counsel.  Upon a motion for summary judgment by Defendant's, Plaintiff accordingly conceded the claims after having an opportunity to review discovery.  Given the temporal proximity between the end of discovery and the motion by Defendants, this behavior is completely acceptable and far from demonstrating bad faith.  Therefore, since Plaintiff's claims were not unreasonable and his counsel did not continue to litigate the claims after realizing they were not viable, there is no basis to award attorney's fees and Defendants' motion will be denied.

## IV. Conclusion

For the foregoing reasons, the Court will deny Defendants' motion for attorney's fees. An appropriate Order will issue.

December 22, 2006                        _____/s/_____
Alexandria, Virginia                              James C. Cacheris
                                         UNITED STATES DISTRICT COURT JUDGE